UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | No. 1:21-cv-00907-ADA-BAM (SS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS<br><br>(ECF Nos. 22, 24, 27) |

Plaintiff Miguel Sanchez seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2023, the Magistrate Judge issued findings and recommendations, recommending that the Court deny Plaintiff's appeal from the Commissioner's administrative decision and affirm the Commissioner's denial of benefits. (ECF No. 27.) The findings and recommendations were served on the parties and contained notice of a fourteen-day deadline within which to file objections. (*Id.* at 17.) Plaintiff filed objections on August 8, 2023. (ECF.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

No. 28.) The Commissioner filed a response on August 17, 2023. (ECF No. 29.) The Court will briefly address each of Plaintiff's arguments in turn.

**A.     The ALJ's development of Plaintiff's RFC**

In his objections, Plaintiff first argues that the Magistrate Judge erred in affirming the Administrative Law Judge's ("ALJ") development of Plaintiff's residual functional capacity ("RFC"). (ECF No. 28 at 2–7.) Specifically, Plaintiff claims that the state agency medical experts – Dr. Childs, Dr. Dale, and Dr. Gregg – who rendered opinions in this case failed to consider or review "a number of raw objective medical records." (*Id.* at 2.) Because of this, Plaintiff argues, the ALJ had an obligation to develop the record further by ordering a consultative examination and report. (*Id.* at 6.) Plaintiff made this same argument before the Magistrate Judge and contends that the Magistrate Judge misconstrued Plaintiff's assertions. (*Id.* at 2.) The Court disagrees. The ALJ's obligation to develop the record further arises only when the evidence in the record is ambiguous or inadequate. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)). The Magistrate Judge explicitly concluded that the record in this case was not ambiguous or inadequate. (ECF No. 27 at 8.) The failure of Dr. Childs, Dr. Dale, and Dr. Gregg to consider certain documents before rendering their opinions does not render this conclusion erroneous. *See Razaqi v. Kijakazi*, No. 1:20-cv-01750, 2022 WL 1460204, at *7 (E.D. Cal. May 9, 2022) ("[A]n ALJ is almost always tasked with performing some independent review [of] medical evidence that was never considered by one of the state agency's DDS physicians, and thereafter translating the same into an RFC.").

Plaintiff's citations to *Molina v. Berryhill*, No. 2:17-cv-01991 CKD, 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018), and *Escudero v. Comm'r of Soc. Sec.*, No. 1:18-cv-01136-EPG, 2019 WL 4917634, at *2 (E.D. Cal. Oct. 4, 2019), are inapposite. (*See* ECF No. 28 at 5.) In both of those cases, the Magistrate Judge held that the ALJ improperly made independent evaluations of substantial medical records that parties submitted *after* medical experts had rendered their opinions. *Molina*, 2018 WL 6421287, at *4 (holding that ALJ should have developed the record further when medical expert review predated subsequent injuries, diagnoses, tests, and surgeries); *Escudero*, 2019 WL 4917634, at *2 ("The ALJ's adoption of [the medical expert's] opinion,

without an examination or evaluation of very substantial subsequent treatment records, was not supported by substantial evidence."). Plaintiff does not argue that he experienced any injuries, diagnoses, or new treatments following the submission of the medical reports in this case. Nor does Plaintiff contend that the state agency experts rendered opinions by means of improper methods, only that the ALJ found their opinions to be unpersuasive. The Court, therefore, agrees with the Magistrate Judge that Plaintiff has not demonstrated that the ALJ erred as a matter of law by failing to order a consultative examination.

**B.       Medical opinions regarding the side effects of Plaintiff's medication**

Plaintiff contends that the ALJ erred by failing to provide specific reasons for rejecting medical opinions from Plaintiff's treating physicians that identified limitations due to side effects from Plaintiff's medication. (ECF No. 28 at 7.) Plaintiff frames the ALJ's decision as a failure to consider evidence of the medication's side effects. (*Id.*) Such a failure would likely amount to reversible error. *See Erickson v. Shalala*, 9 F.3d 813, 817–18 (9th Cir. 1993). There is no doubt, however, that the ALJ *did* consider evidence of side effects. (*See* ECF No. 9–15.) A more accurate framing of Plaintiff's complaint is that he believes the ALJ was required to defer to the opinions of the treating physician. As the Court will explain below, the Magistrate Judge did not err in concluding that there is substantial evidence in the record to support the ALJ's decision to discount side effects evidence from Plaintiff's treating physicians.

First, the Magistrate Judge noted that Dr. Komin never rendered a medical opinion about the side effects of Plaintiff's medication. (ECF No. 27 at 10.) The relevant regulations define a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s)." 20 C.F.R. § 404.1513(a)(2). Plaintiff argues that Dr. Komin did identify a limitation, but his citations to the record are no different than those the Magistrate Judge used. Those citations refer to brief letters wherein Dr. Komin notes Plaintiff's reports about taking laxatives and experiencing excessive diarrhea. (*See* ECF No. 14-1 at 438, 456, 468.) In none of those letters does Dr. Komin discuss what Plaintiff can still do despite the side effects of his medication. Plaintiff does not dispute the Magistrate Judge's conclusion that these statements do not constitute medical opinions within the meaning of the relevant regulations, and the Court does

1  not find that the Magistrate Judge's conclusion was erroneous.

2  Even if the ALJ was required to consider Dr. Komin's letters as medical opinions, the ALJ properly evaluated the supportability and consistency of those opinions. (ECF No. 27 at 10–1.) Plaintiff's assertion that the ALJ failed to consider the consistency between Dr. Komin's letters and FNP Walker's notes is unpersuasive. (*See* ECF No. 28 at 9–10.) As both the Magistrate Judge and Commissioner point out, it is reasonable to infer that the ALJ found that the medical opinions of the state agency physicians directly contradicted those of Dr. Komin and FNP Walker. (ECF No. 27 at 11; ECF No. 29 at 4.) Any consistency between the opinions of Dr. Komin and FNP Walker, therefore, would not have created consistency among all of the medical opinions in this case.

Nor was the ALJ's rejection of FNP Walker's medical opinion reversible error. The ALJ concluded that the administrative record contained evidence that Plaintiff saw FNP Walker on only two occasions and that the record was completely devoid of treatment records from FNP Walker. (ECF No. 27 at 14.) As the Commissioner points out, Plaintiff does not challenge this finding. (ECF No. 29 at 4.) Rather than point to parts of the record that might demonstrate a stronger relationship between Plaintiff and FNP Walker, Plaintiff, in a footnote, contends that "FNP-C Walker is a Nurse Practitioner under the supervision of treating physician, Dr. Komin and as such would be quite familiar with Mr. Sanchez's medical history." (ECF No. 28 at 8 n.4.) This conclusory statement lacks both citation and argument. It does not inform the Court how often FNP Walker would have consulted Plaintiff's medical history or spoken to Dr. Komin about Plaintiff. Nor does it provide any legal authority for the proposition that the place or nature of FNP Walker's employment requires a finding of supportability for her medical opinion in this case. The ALJ's conclusion that FNP Walker's medical opinion was unpersuasive was not, therefore, reversible error.

**C.     Plaintiff's testimony regarding the symptoms of his medication's side effects**

Plaintiff's final contention is that the ALJ improperly discounted his testimony about the severity of the side effects of his medication. Specifically, Plaintiff testified that, when on his medication, he hardly leaves the house until his medication wears off because he has to use the

4

bathroom so frequently and for such long periods of time. (ECF No. 14-1 at 68.) The ALJ discounted this testimony after finding it inconsistent with the record. Most significantly, as the Magistrate Judge recognized, the record demonstrated that Plaintiff completed household chores, went to the gym between four and five days per week, took daily walks, and attended his grandson's baseball practices and games. (ECF No. 27 at 16.) Additionally, the ALJ pointed to a number of medical records in which Plaintiff reported no diarrhea. (*Id.*) While the Court agrees with Plaintiff that his ability to engage in activities are not necessarily inconsistent with his claimed limitations, the evidence is nevertheless conflicting. The ALJ was specific about the existence and significance of conflicting evidence in the record, and the ALJ's assessment of that evidence was rational. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The Magistrate Judge, therefore, did not err in finding that there was substantial evidence to uphold the ALJ's decision to discount Plaintiff's testimony about he severity of his symptoms.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Plaintiff's objections and the Commissioner's response, the Court finds that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on July 25, 2023, (ECF No. 27), are adopted in full;
2. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is denied and the Commissioner's determination to deny benefits is affirmed; and

///

///

///

///

3. The Clerk of Court is directed to enter judgment in favor of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against plaintiff Miguel Sanchez.

IT IS SO ORDERED.

Dated:     September 7, 2023

_____
UNITED STATES DISTRICT JUDGE